JWB

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Christopher Martin,                              )      No. CV 06-2423-PHX-DGC (DKD)
                                                 )
                  Plaintiff,                     )      **ORDER**
                                                 )
vs.                                              )
                                                 )
Joseph Arpaio, et al.,                           )
                                                 )
                  Defendants.                    )
                                                 )

       Plaintiff Christopher Martin, confined in the Durango Jail in Phoenix, Arizona, has
filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Court will dismiss
the Complaint with leave to amend.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

       Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.
§ 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  The Court will assess no
initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly
in payments of 20% of the previous month's income each time the amount in the account
exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the
appropriate government agency to collect the fees according to the statutory formula.

**II.  Statutory Screening of Prisoner Complaints**

       The Court is required to screen complaints brought by prisoners seeking relief against
a governmental entity or officer or employee of a governmental entity.   28 U.S.C.
§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

JDDL-K

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved" but not if a complaint "lacks merit entirely."  Id. at 1129.  The Court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts or if it appears at all possible that the defect can be corrected.  Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.  Complaint**

Plaintiff's Complaint names Maricopa County Sheriff Joseph Arpaio and the Durango Jail Facility Management as Defendants in this action.  Plaintiff presents three claims for relief and seeks unspecified monetary relief: (1) Count I claims that the sinks in Plaintiff's pod are not working properly, preventing Plaintiff from washing his hands; (2) Count II claims that the air conditioner is releasing air that is too cold; and (3) the meals served at the jail are insufficient and spoiled.

**IV.  Failure to State a Claim**

**A.  Failure to Link Claims to Defendant Arpaio**

To state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not connected any of his claims to Defendant Arpaio.

1    Arpaio cannot be liable simply based upon his position.  There is no *respondeat*
2   *superior* liability under § 1983, so a defendant's position as the supervisor of a person who
3   allegedly violated Plaintiff's constitutional rights does not impose liability.  Monell v. Dep't
4   of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A
5   supervisor  is only liable for constitutional violations of his subordinates if the supervisor
6   participated in or directed the violations, or knew of the violations and failed to act to prevent
7   them."  Taylor, 880 F.2d at 1045.  There are no allegations to show that Arpaio participated
8   in or directed the alleged constitutional violations, or that he knew of the violations and failed
9   to act to prevent them.

10   Regarding Arpaio in his official capacity, a suit against him officially is equivalent
11   to a suit brought against the governmental entity.  See Will v. Michigan Dep't of State
12   Police,491 U.S. 58, 71  (1989).   In this case, the governmental entity is Maricopa County.
13   A county is the liable entity under § 1983 when its policy, practice or custom causes
14   constitutional injury.  See Monell, 436 U.S. at 694.  In that instance, the county's liability is
15   based on the actions of its policymakers, such as a sheriff.  See Cortez v. County of Los
16   Angeles, 294 F.3d 1186, 1188-92 (9th Cir. 2001) (finding that sheriff acted on behalf of
17   county, subjecting county to § 1983 liability).  A sheriff could be sued in his official capacity
18   for a policy, practice, or custom he put into place on behalf of the county that caused the
19   constitutional injury.  There are no allegations to support liability against Arpaio in his
20   official capacity.  As a result, Arpaio must be dismissed.

21   **B.  Failure to Link Claims or Attribute Conduct to Facilities Management**

22   Plaintiff has also failed to detail his claims against the Facilities Management for the
23   Durango Jail.  Plaintiff has not articulated what the facilities personnel have done or failed
24   to do which resulted in a violation of Plaintiff's constitutional rights.  Moreover, Plaintiff has
25   not identified specific individuals, albeit nameless individuals, whose actions have resulted
26   in a constitutional violation.  Because a plaintiff must allege that he suffered specific injury
27   as a result of the specific conduct of a defendant, and show an affirmative link between the
28

injury and that conduct.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976), the Facilities Management for the Durango Jail will be dismissed without prejudice.

In light of the foregoing, there are no named Defendants who may be liable for Plaintiff's claims.  For this reason, Plaintiff's action fails to state a claim.

**V.  Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the Amended Complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.  Warnings**

**A.  Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

///

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  See LRCiv 83.3(d).  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal.

**C. Copies**

Plaintiff must submit an additional copy of every document that he files for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E. Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed no initial partial filing fee.

(3)  The Complaint (Doc. # 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 13th day of November, 2006.

_____
David G. Campbell
United States District Judge